UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| VERNON BELLAMY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-165 |
| | ) | |
| DEPARTMENT OF VETERANS AFFIARS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Vernon Bellamy filed a Complaint disputing the United States Department of Veterans Affairs' denial of benefits. *See generally* doc. 1. He has paid the Court's filing fee, *see* docket entry dated June 26, 2023, and received a summons, doc. 5. There is no indication that the United States Department of Veterans Affairs has been served. *See generally* docket. It has not appeared. *Id.* Bellamy has now filed a document titled "Emergency Motion: Emergency Relief." Doc. 6. Since that document does not request any cognizable relief, it is **DISMISSED**. *Id.*

Bellamy's Motion lacks any discernable plausible legal basis. It alleges, in a wholly conclusory fashion, that "[t]he Department of

Veterans Affairs has engaged in a system of malice towards Plaintiff as applying for benefits. Engaging in the submission of false and misleading document, Title 18 USC 1001. With forethought of malice, this has been (and is) tantamount to circumventing the benefits system by deprivation of Rights Under Color of Law 18 U.S. Code 242, and is a direct violation of Title VII of the Civil Rights Act of 1964." Doc. 6 at 1. The "emergency relief" Bellamy requests is $500,000 in "punitive damages." *Id.*

Bellamy cannot seek any relief under the cited criminal statutes. *See, e.g., Shahin v. Darling,* 606 F. Supp. 2d 525, 538 (D. Del. 2009) (criminal statutes, including 18 U.S.C. § 242, "do not give rise to a civil cause of action."); *Johnson v. Cullen*, 925 F. Supp. 244, 251 (D. Del. 1996) ("[T]here is no private right of action available to plaintiffs under 18 U.S.C. § 1001 . . . ."). Title VII does provide a civil cause of action, but not one plausibly related to a dispute over veterans' benefits. *Cf., Hairston v. DVA, Regional VA Office Martinsburg*, 841 F. App'x 565, 568-69 (4th Cir. 2021) (noting that "Title VII . . . addresses discrimination only in *employment*," and discussing the exclusive review process for benefits determinations under the Veterans' Judicial Review Act, 38 U.S.C. § 511). Moreover, none of the statutes provide for preliminary

awards of "punitive damages." Indeed, the Court is unaware of any legal remedy that provides for such an award prior to a determination of the merits of a plaintiff's claims.

Given that Bellamy's request does not even implicate, much less state, any plausible claim for relief, it is **DISMISSED** as frivolous. Doc. 6; *see, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (claim "is frivolous when it lacks an arguable basis either in law or in fact."). Bellamy's Complaint remains pending, subject to his obligation to effect service on the Defendant. *See, e.g.,* Fed. R. Civ. P. 4(i), (m).

**SO ORDERED**, this 26th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA